## PATSY SACKETTE v. CITY OF DULUTH.[1]

October 29, 1937.

No. 31,308.

R. J. Fisher, for appellant.

Harry E. Weinberg and H. S. Campbell, for respondent.

[1]Reported in 275 N. W. 617.

PER CURIAM.

The city of Duluth instituted a proceeding to acquire by right of eminent domain certain lots for a public playground. Some of the lots sought to be taken were owned by nonresidents and some by persons whose whereabouts could not be ascertained, so it was necessary to give them notice by publication. Appellant owned three of the lots taken and occupied them as his homestead. Notice of hearing was duly served on appellant by leaving a copy thereof at the house of his usual abode with a person of suitable age and discretion then residing therein. The hearing was noticed for February 9, 1935, and several owners appeared in person or by attorney, but appellant did not appear. An order granting the petition was filed February 15, 1935. In September, 1936, appellant obtained an order directing respondent to show cause why the order of February 15, 1935, should not be vacated. A hearing was had and an order was filed December 16, 1936, discharging the order to show cause. The appeal is from that order.

There is no claim that proper notice of the hearing of the city's petition to condemn appellant's lots was not served upon him. He gives no excuse for not appearing at the hearing. He now asserts that the court lost jurisdiction of the subject matter when, at the hearing, the word "playground" was substituted for the word "highway" in the petition. It is also suggested in the brief that the publication of the notice of hearing was defective in that the affidavit of publication was not on file when the notice was published.

A condemnation proceeding is *in rem*, and jurisdiction is acquired by the court upon the filing therein of a proper petition and proper proof of service of hearing upon the owners of the land to be taken. There is no fault found with the petition filed except that the word "highway" appeared in place of the word "playground." The insertion of the wrong word was obviously a mere clerical mistake. It could be regarded as unnecessary and surplusage. The only condition as requisite for the taking of appellant's lots prescribed by L. 1917, c. 419, the law under which the respondent acted, is that they are taken for public use. But the court was so clearly right in making the substitution of the word, because of a mere

clerical error, that it is not even debatable. The petition filed, the notice published, and the notices of hearing served on appellant and other known owners bore this caption or title of the proceeding: "In the matter of the condemnation by the City of Duluth of certain lands in West Duluth, First Division, for Public Playground purposes." In one place of the body of the petition appeared the word "highway" in place of the word "playground." This mistake was first noticed at the hearing, and with the consent of all present the court ordered the correction made. The change could not possibly affect the court's jurisdiction as to appellant's lots.

It is not necessary to consider the alleged irregularity in respect to the publication of notice of hearing, since appellant does not dispute that proper service was made on him. So the court acquired jurisdiction to take his lots, and it can be no concern of his whether the city could legally take the lots of other owners not properly served with notice.

Order affirmed.